DeQueen Light & Power Company *v.* Curtis.

Opinion delivered February 19, 1923.

Electricity—authority of railroad commission.—Acts 1919, No. 571, § 13, empowering the Corporation Commission to grant public service corporations a certificate of convenience and necessity, being repealed by Acts 1921, No. 124, § 25, and the latter act conferring jurisdiction on municipalities to regulate public service corporations operating within their limits, the Railroad Commission had no authority to grant a certificate of convenience and necessity to a company distributing electricity in a city under franchise from it.

Appeal from Pulaski Circuit Court, Second Division; *W. B. Brooks,* Judge; affirmed.

*Abe Collins* and *Lake & Lake,* for appellant.

1.  The right of the Legislature to pass the repealing act No. 124 of 1921 falls within the powers reserved to the General Assembly by sections 6 and 11, art. XII, Constitution of 1874. 153 Wis. 592, 142 N. W. 491, L. R. A. (N. S.) 1915-F, 744; 25 U. S., Law. ed., 185; 146 U. S. 258; 36 U. S. Law. ed. 963; 25 L. ed. 185; 58 Ark. 407; 64 Ark. 83-87; 13 Fed. 754; 69 Ark. 521, 527; 82 Ark. 309, 318.

2.  The alleged contract relied upon by appellee would amount to a surrender of the police power of the State, and as such is not binding on the State. *Pocahontas* v. *Central Power & Light Co.,* 152 Ark. 276; 153 Wis. 592; L. R. A. (N. S.) 1915-F, 751; 25 L. ed., 1079; 24 L. ed. 1036; 42 L. ed. 948; 19 R. C. L. 12; 28 L. ed. 585.

3.  If, since the passage of act 124, *supra,* appellant was required to have a certificate of convenience and necessity, either the Arkansas Railroad Commission or the city council had the right to grant it, since the jurisdiction of the Corporation Commission was divided by the repealing act between the two. We do not believe such certificate is necessary, but as a matter of precaution have applied to both. As supporting the jurisdiction of the city council in the matter, see §§ 5, 17 and 25 of

the act. If there is any power in the Railroad Commission to grant it, it must come from section 1 of the repealing act.

4. Appellee succeeded to no exclusive rights through the alleged contract with the State. 200 U. S. 22, 34; 50 L. ed. 353, 359; 201 U. S. 400, 471, 50 L. ed. 801, 830; 246 U. S. 396, 412; 62 L. ed. 793, 801; 12 R. C. L. 194; Governor's Message to Legislature, 1921, p. 16; 25 R. C. L. 1037.

*Pryor & Miles,* for appellees.

1. It is clear that the Railroad Commission exceeded its authority in granting a certificate of convenience and necessity. By section 25 of the act No. 124, Acts 1921, section 13 of the act No. 574, Acts 1919, creating the Corporation, and defining its powers and duties, was repealed, and therefore, when this petition was filed, there was no law in existence conferring authority upon the Railroad Commission to grant such a certificate. This is the only question presented here for decision, and the other questions discussed by appellant are moot. However,

2. The Legislature had no right to pass act 124 of 1921, in so far as the rights of the appellees are concerned, if thereby "injustice shall be done to the corporators." Sec. 6 (concluding clause), art. XII, Const. 1874. Appellee, in good faith, and acting in accordance with the provisions of the act of 1919, surrendered its franchise in exchange for an indeterminate permit. It cannot be deprived of the right to operate under that permit by virtue of any certificate of necessity and convenience issued either by the Railroad Commission or by the city council of DeQueen without its day in court. This indeterminate permit amounted to a contract between the State and appellee. 153 Wis. 592, concurring opinion of Judge Timlin and cases cited; 135 N. W. 131. See also 224 U. S. 649; 233 U. S. 195; 111 N. Y. 1; 230 U. S. 58; *Id.* 101; 66 Mich. 606.

3. The indeterminate permit having been acquired by contract, it cannot be taken away or destroyed without impairing the obligation of the contract. 4 Wheat. 517; 3 Wall. 51; 95 U. S. 104; 115 U. S. 650; *Id.* 683; 172 U. S. 1; 3 Mich. 330; 113 Fed. 930; 201 U. S. 559; 67 Mich. 539; 62 Wis. 32; 227 U. S. 544; 43 Mich. 140; 111 Mich. 498; 73 Mich. 318; 6 Cranch, 87; 125 Mich. 673; 124 Mich. 449; 119 Mich. 655. Under the reserve power to amend, alter or repeal acts of incorporation, the Legislature may make any alteration or amendment of a charter which will not defeat or substantially impair the object of the grant or any rights vested under it. 15 Wall. 500; 107 U. S. 468; 151 U. S. 556; 13 Gray (Mass.) 239; 160 U. S. 1; 15 Wall. 454. The power of alteration and amendment is not without limit. Alterations must be reasonable, in good faith, and consistent with the scope and object of the corporation. 95 U. S. 319. See also 9! U. S. 710; 160 U. S. 1; 139 Fed. 661: 193 U. S. 207; 175 Fed. 365. The franchise rights of a public utility have uniformly been recognized by this court, beginning with 5 Ark. 599. See also 239 S. W. (Ark.) 3; 141 Ark. 18, 216 S. W. 38.

4. The city council of the city of DeQueen had no jurisdiction to grant appellant a certificate of necessity and convenience. The power conferred on the Corporation Commission to grant such a certificate was expressly repealed by the act of 1921.

Wood, J. DeQueen Light & Power Company, hereafter called appellant, is a domestic corporation under a charter issued to it by the State on the 16th day of May, 1921. On the 13th day of June, 1921, it was granted a franchise by the city of DeQueen, Arkansas, authorizing it to sell and distribute electric current in that city. Commonwealth Public Service Company, hereafter called the appellee, is a foreign corporation authorized to do business in this State. It had a franchise authorizing it to distribute and sell electric current, power and water to the inhabitants of the city of DeQueen as early

as the year 1918. W. L. Curtis was appointed receiver for the appellee on May 25, 1920. He surrendered the franchise which appellee held authorizing it to do business in the city of DeQueen, and on January 22, 1921, applied for and was granted by the Arkansas Corporation Commission "an indeterminate permit" authorizing it to continue the public utilities mentioned above to the inhabitants of the city of DeQueen. On March 14, 1922, the appellant filed its petition before the Arkansas Railroad Commission setting up its franchise above mentioned, authorizing it to distribute electric current in the city of DeQueen, and that it was efficiently performing such service, and that the appellee, for various reasons stated in the petition, was not rendering the service it should to the inhabitants of the city of DeQueen, and that appellant was chartered and received its franchise from the city of DeQueen for the purpose of remedying the condition caused by the failure of the appellee to render proper service.

The appellant alleged in its petition that the "public convenience and necessity of the city and the inhabitants thereof imperatively requires that a certificate of convenience and necessity be issued to the petitioner," and the petition concluded with a prayer that such certificate be issued to it.

The appellee, through its receiver, appeared specially, and filed its demurrer and motion to dismiss. Among other things it alleged "that the Arkansas Railroad Commission has no jurisdiction over either the person or property sought to be affected by such petition." The Railroad Commission overruled appellee's demurrer and motion to dismiss, and issued the certificate to appellant. The appellee appealed to the Pulaski Circuit Court, where the appellee's demurrer and motion to dismiss the petition of appellant was sustained, and a judgment rendered dismissing the petition. From that judgment is this appeal.

The only question for determination on this appeal is whether or not the Railroad Commission had jurisdiction to issue a ''certificate of convenience and necessity'' to appellant.

Section 13 of act 571 of the Acts of 1919, creating the Arkansas Corporation Commission and defining its powers and duties, vested such Commission with the power to grant to public service corporations, upon certain conditions therein specified, a certificate authorizing such corporations to furnish public utilities. The section concludes as follows: ''Every license, permit, contract or franchise hereafter granted to any public service corporation by the State or any municipality, and all future contracts, ordinances, rules, regulations and orders entered into or made by any municipality relating to the use or enjoyment of rights and franchise granted to any public utility, shall be subject to the exercise, by the Corporation Commission, of any and all of the powers of regulation provided for in this act.''

Section 31 of the act abolished the Railroad Commission then existing and conferred all the powers and duties of that Commission upon the Corporation Commission.

The General Assembly of 1921 passed act 124 entitled ''An act to amend act No. 571 of the General Acts of the General Assembly of the State of Arkansas for the year 1919, entitled 'An act to create the Arkansas Corporation Commission and to define its powers and duties,' approved April 1, 1919, and to regulate public utilities and public service corporations, and for other purposes.'' This act was approved February 15, 1921.

Section 5 of Act 124, *supra,* provides: ''The jurisdiction of the Arkansas Railroad Commission created by the act shall extend to and include all matters pertaining to the regulation and operation of all common carriers'' (naming them), and among other public utility corporations mentioned are ''pipe-line companies for transportation of oil, gas and water, electric lighting companies and

other companies furnishing gas or electricity for light, heat or power purposes," and hydro-electric companies and water companies, and provides that "nothing in the act shall vest the Commission with jurisdiction as to any rate, charge, rule, regulation, order, hearing, investigation, or other matter pertaining to the operation within the limits of any municipality of any street railroad, telephone company, gas company, pipe-line company for transportation of oil, gas or water, electrical company, water company, hydro-electric company or other company operating a public utility or furnishing public service as to which jurisdiction may be elsewhere conferred in this act upon any municipality, council or city commission; notwithstanding, however, the jurisdiction of the municipality as to the above matters within the limits of such municipality, the said Arkansas Railroad Commission shall have and is hereby delegated the authority and duty to require all utility companies now furnishing public service within the limits of any municipality to furnish and continue furnishing such service to such municipality, though the right of regulation of such utility as to rates and all other matters within such municipality is herein elsewhere conferred upon the municipal councils or city commissions, subject to right of appeal to the courts."

Section 15 of the act gives all public utility corporations now operating under indeterminate permits granted by the Arkansas Corporation Commission ninety days after the passage of the act to make application in writing to the municipal council or city commission of the municipality which granted the original franchise, contract or lease, for reinstatements of said franchise, contract or lease, and when such application is made and filed with the clerk or recorder of said municipality it shall be granted as a matter of right, and reinstated by the municipal council or city commission having jurisdiction, under the same conditions as existed at the time said indeterminate permit was granted by the Arkansas

Corporation Commission, and unless the application for reinstatement is made within said time it shall be a waiver on the part of the public service corporation to insist upon the fulfillment of said franchise or contract rights.

Section 17 provides, in part, as follows: "The jurisdiction of the municipal council or city commission of any municipality shall extend to and include all matters pertaining to the regulation and operation within the limits of any such municipality of any street railroad, telephone company, gas company furnishing gas for domestic or industrial purposes, pipe-line company for transportation, distribution or sale of oil, gas or water, electrical company, water company, hydro-electric company, or other company operating a public utility or furnishing public service within such municipality."

Section 25 of the act is as follows: "That sections 13, 14, 15, 20, 26, 29, 31 and 35 of act No. 571 of the General Acts of the General Assembly of the State of Arkansas for the year 1919, approved April 1, 1919, hereinbefore referred to, be and the same are hereby repealed."

It will be observed that section 13 of act 571 of the Acts of 1919 which conferred jurisdiction upon the Corporation Commission to grant public service corporations a certificate of "convenience and necessity" is expressly repealed by act 124 of the Acts of 1921, and the latter act, as shown by the various provisions above quoted, as well as other provisions which it is unnecessary to set out, confers upon municipalities exclusive jurisdiction over public utilities, like the appellant, operating within their limits.

In *Pocahontas* v. *Central Light & Power Co.*, 152 Ark. 276, speaking of the jurisdiction of the Railroad Commission under the Acts of 1921, we said: "The public service corporations over which the jurisdiction of the Commission shall extend is specifically stated in § 5 of the act, *and jurisdiction by municipalities to*

*regulate public service corporations or public utilities operating within the limits of such municipalities is conferred by sec. 17 of the act.''*

It follows that at the time of the filing of the petition of the appellant on the 31st of March, 1922, asking the Railroad Commission to grant it a certificate of ''convenience and necessity,'' the Commission had no jurisdiction to grant such certificate. Having reached this conclusion, the other interesting questions presented and elaborately argued in the briefs of learned counsel pro and con pass out, and we therefore pretermit a discussion and decision of these questions.

The judgment of the circuit court is correct, and it is therefore affirmed.